UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DANIEL RIVERA, | § | |
|     Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO. 4:21-cv-664 |
| | § | |
| BCS SWITCHGEAR, INC. | § | |
|     Defendant. | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Daniel Rivera ("Plaintiff") files this Original Complaint, as follows:

### I.  PRELIMINARY STATEMENT

1.  Plaintiff formerly worked as an employee for Defendant BCS Switchgear, Inc. ("BCS"). Plaintiff brings this action to recover unpaid wages under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et. seq.* (the "FLSA"). Plaintiff also brings a claim for retaliation under the FLSA, 29 U.S.C. § 215(a)(3).

2.  Defendant willfully committed violations of the FLSA during Plaintiff's term of employment by committing wage theft. Specifically, Defendant erased hours worked by Plaintiff from its timekeeping system, and refused to pay Plaintiff for the hours it erased. On information and belief, Defendant has engaged in a pattern of systematic wage theft of other employees as well. When Plaintiff complained of this practice, Defendant, in a blatant act of retaliation, immediately fired him, and provided no reason as to why he had been terminated.

### II.  PARTIES

3.  Plaintiff is an individual residing in Texas.

4. BCS is a Texas corporation with its principal place of business in Texas. which may be served through its registered agent for service of process in Texas, Cody Whisenhunt, 4790 US Hwy 377, Krugerville, TX 76227, or where found.

### III.   JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et. seq. Jurisdiction is further conferred on this Court by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce..."

6. This Court has general personal jurisdiction over Defendant because it resides in the State of Texas.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because, as provided below, a substantial part of the events or omissions giving rise to this claim occurred in this judicial district and division.

### IV.   COVERAGE

8. At all relevant times times, Defendant has been an employer of Plaintiff within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

9. BCS was unquestionably an "employer" of Plaintiff. Plaintiff performed work on jobs for BCS, was told where to go and what to do on such jobs by employees of BCS, was required to adhere to employment policies of BCS, and was paid by BCS.

10. At all relevant times, Defendant has operated an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

11. Defendant has operated an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross sales volume of sales made or business done of not less than $500,000.

12. At all relevant times, Plaintiff was an employee for Defendant who was engaged in commerce or in the production of goods for commerce.

V. FACTUAL BACKGROUND

13. BCS is an electrical component sales and service company. It performs medium voltage cable testing, breaker testing, and it builds and repairs switchgears, circuits and other electrical components. Plaintiff worked for Defendants as a Field Engineer. He was paid hourly with overtime. He worked for BCS for approximately eighteen months, from roughly February of 2020 until August of 2021.

14. "Time-shaving" is the practice of doctoring hourly employees' time sheets to reduce their pay.[1] While Plaintiff at times during his employment with Defendant believed that his paychecks seemed low given the high number of hours he was working, he did not question how Defendant was calculating his pay until August 12, 2021, at which time he was told by a co-worker that Defendant was engaging in wage theft. Specifically, the co-worker reported to Plaintiff that the company was "shaving" hours from his time records, as the hours on his paycheck did not match what was on Defendant's system in ADP. Given that this employee and

---

[1] *See In re Wal-Mart Stores, Inc.,* 505 F.Supp.2d 609, 616 (N.D. Ca. 2007) (*citing* Cynthia Estlund, *Rebuilding the Law of the Workplace in an Era of Self-Regulation*, 105 COLUM. L.REV. 319, 392 (2005).

Plaintiff shared the same supervisor, Plaintiff began to look to determine whether Defendant had done the same thing to him. Plaintiff confirmed that Defendant had stolen time from him as well. Plaintiff immediately reported this time theft to his supervisor, Travis Langer, via a text message on Friday, August 12, 2021.  Plaintiff also reported this wage theft to the office administrator, Ariana Greer.  Plaintiff was off of work for the next two business days. However, when he returned to work on Wednesday morning (August 18), he was notified that he was terminated, effective immediately. He was instructed to immediately turn in all of the company property and the company vehicle that he drove. He was given no reason as to why he was terminated. Likewise, the notice of termination he received provides no reason as to why he was fired. In the eighteen months he had worked for the company, he had never been written up or formally or informally warned or reprimanded. There was, simply put, no reason for BCS to terminate him other than for reporting the company's wage theft.

15. As set forth herein, Defendant has violated Section 7 of the FLSA, 29 U.S.C. § 207, by employing Plaintiff in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating Plaintiff for his work.

16. No exemption excuses Defendant from paying Plaintiff under the FLSA. Defendant has failed to make a good faith effort to comply with the FLSA. Instead, Defendant knowingly, willfully or with reckless disregard carried out its illegal practice of wage theft.

17. Plaintiff seeks to recover his attorney's fees and costs incurred in this action.

## VI.     CAUSES OF ACTION

### COUNT ONE - VIOLATION OF THE FLSA (UNPAID WAGES)

18.     The foregoing allegations are incorporated herein by reference.

19.     Plaintiff was a non-exempt employee of Defendant. Plaintiff was entitled to be paid for all hours he worked. However, Defendant shaved time off of his timesheets, which had the effect of denying Plaintiff both his regular rate of pay as well as overtime pay due to Defendant's time-shaving.

20.     Defendants violated 29 U.S.C. § 201 et. seq. by failing to pay Plaintiff for the regular and overtime hours that it shaved off his time records.

21.     Plaintiff seeks unpaid overtime compensation and an equal amount as liquidated damages for three years from the date of the filing of this complaint, as well as reasonable attorney's fees, costs and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

### COUNT TWO - VIOLATION OF THE FLSA (RETALIATION)

22.     As set forth herein, Defendants have violated section 15(a)(3) of the FLSA by terminating Plaintiff after he made complaints regarding his unpaid wages. Plaintiff participated in an activity protected under the FLSA and Defendants took an adverse employment action against him. Accordingly, Plaintiff is entitled to an award of back pay, front pay, and other equitable relief with prejudgment interest on all monetary relief.

23.     Plaintiff has also suffered emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non pecuniary losses. He is therefore entitled to an award of compensatory damages, for which he now sues.

24. Defendants acted with gross negligence, malice or reckless indifference to Plaintiff's federally protected rights. He is therefore entitled to recover punitive and/or liquidated damages, for which he now sues.

25. Plaintiff is entitled to his attorney fees, expert witness fees and court costs as allowed under the FLSA and/or other applicable state or federal law.

26. While Plaintiff believes that reinstatement is not feasible, given Defendant's conduct, should the Court find that reinstatement of Plaintiff is feasible, Plaintiff seeks this remedy, together with back pay, attorney's fees and all other available remedies requested herein.

## VII. DESIGNATION OF EXPERT WITNESS

27. Plaintiff designates the following individual as an expert witness in this case:

> Josh Borsellino
> Borsellino, P.C.
> 1020 Macon St., Suite 15
> Fort Worth, Texas 76102
> T: (817) 908-9861
> F: (817) 394-2412

As permitted under the FLSA, Plaintiff seeks attorney's fees and case expenses incurred in the prosecution of this matter. Mr. Borsellino may provide expert opinion testimony regarding the reasonableness and necessity of the attorney's fees and expenses incurred by Plaintiff in connection with this action. Mr. Borsellino's biography is publicly available at https://dfwcounsel.com/biography/.

## VIII. JURY DEMAND

Plaintiff hereby demands a trial by jury.

## IX. RELIEF SOUGHT

WHEREFORE, Plaintiff respectfully requests that on final hearing, Plaintiff be awarded all relief requested herein, including:

a. Unpaid wages for all hours worked in any workweek;
b. Compensatory damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non pecuniary losses, as well as back wages and front wages (or, alternatively, reinstatement);
c. Treble, liquidated and/or punitive damages;
d. Attorney's fees, costs and expenses; and
e. Pre- and post-judgment interest at the highest rates allowed by law.

Respectfully submitted,

/s/ Josh Borsellino
Josh Borsellino
State Bar No. 24045532
Borsellino, P.C.
Office Address:
1020 Macon St., Suite 15
Fort Worth, Texas 76102
Mailing Address:
3267 Bee Cave Rd., Ste. 107, Box # 201
Austin, TX 78746
Telephone: (817) 908-9861
Facsimile: (817) 394-2412
Email: josh@dfwcounsel.com